# IN THE COURT OF APPEALS OF IOWA

No. 18-0497
Filed June 6, 2018

IN THE INTEREST OF J.M.,
Minor Child,

K.M., Mother,
        Appellant.

_____

Appeal from the Iowa District Court for Poweshiek County, Rose Anne Mefford, District Associate Judge.


A mother appeals the termination of her parental rights to her child. **AFFIRMED.**


Peter W. Stiefel, Victor, for appellant mother.

Thomas J. Miller, Attorney General, and Kathryn K. Lang, Assistant Attorney General, for appellee State.

Misty White of White Law Office, Sigourney, guardian ad litem for minor child.


Considered by Vogel, P.J., and Doyle and Bower, JJ.

**DOYLE, Judge.**

A mother appeals the termination of her parental rights to her child. She contends the State failed to prove the grounds for termination by clear and convincing evidence. She also contends termination is not in the child's best interests. Finally, the mother argues the court erred in denying her motion to reopen the record.

We review termination proceedings de novo. *See In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014). In doing so, we are not bound by the juvenile court's findings of fact, although we give them weight, especially those concerning witness credibility. *See id.*

The mother was residing with the maternal grandmother when a February 2016 call to 9-1-1 led to the discovery of forty individually-packaged bags of marijuana, as well as unpackaged marijuana, in the home. One month earlier, a maternal uncle had been involved in an armed robbery, and the handgun used in the robbery had also been discovered in the home. Due to concerns about the child's safety in the home, the child was removed from the mother's care and adjudicated to be a child in need of assistance. The child was returned to the mother's care in September 2016.

The mother was residing with the maternal grandmother when the child was again removed in May 2017. The maternal grandmother and two uncles were connected to a series of drive-by shootings, and marijuana and crack cocaine were discovered in the home. The State petitioned to terminate the mother's parental rights in November 2017, and following a hearing, the juvenile court granted the petition.

Before terminating parental rights, the juvenile court must find clear and convincing evidence supporting one of the grounds for termination listed under section 232.116(1) (2017). *See In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010). The juvenile court terminated the mother's parental rights pursuant to Iowa Code section 232.116(1)(h), which requires clear and convincing evidence of the following:

> (1) The child is three years of age or younger.
> (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
> (3) The child has been removed from the physical custody of the child's parents for at least six months of the last twelve months, or for the last six consecutive months and any trial period at home has been less than thirty days.
> (4) There is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time.

The mother does not dispute there is sufficient evidence to support the first three requirements but instead challenges the sufficiency of the evidence supporting the fourth requirement—that the child could not be returned to her custody at the time of the termination hearing. *See* Iowa Code § 232.116(1)(h)(4); *D.W.*, 791 N.W.2d at 707 (interpreting the term "at the present time" to mean "at the time of the termination hearing").

The mother argues the child can be returned to her care because she has stopped using drugs, has consistently attended counseling, and was appropriate in all of her interactions with the child. This point is not in dispute. Instead, the juvenile court took issue with the mother's inability "to extricate herself from [her] criminal family members." The mother claims this issue has been resolved

because she has obtained her own housing. However, as the juvenile court observed,

> Even when [the] mother secured her current residence, [the] mother did not stay there but continued to spend her time with her family at [the maternal grandmother]'s residence, where [her siblings] stayed. [The m]other has continued to demonstrate that she is unable or unwilling to abide by the safety plan that had been agreed to by keeping other adults out of her home. Most recently "allowing" [the maternal grandmother] to be present all day, when the agreement was that [the maternal grandmother] could be present at 3 p.m. for a family team meeting in December. [The maternal grandmother] is an aggressive and authoritative presence in [the] mother's life. The court does not believe [the] mother would ever be able to keep [the maternal grandmother] or any of [the] mother's other extended family away, nor would [the] mother be able to keep herself from being exploited by these family members and placed in harm's way during their criminal activity.

Following our de novo review of the record, we concur in the court's assessment and find the grounds for terminating the mother's parental rights under section 232.116(1)(h) have been proved by clear and convincing evidence.

We next turn to the mother's claim that termination is not in the child's best interests. In making the best-interests determination, the primary considerations are "the child's safety," "the best placement for furthering the long-term nurturing and growth of the child," and "the physical, mental, and emotional condition and needs of the child." *In re P.L.*, 778 N.W.2d 33, 37 (Iowa 2010) (quoting Iowa Code § 232.116(2)). The "defining elements in a child's best interest" are the child's safety and "need for a permanent home." *In re J.E.*, 723 N.W.2d 793, 802 (Iowa 2006) (Cady, J., concurring specially).

The mother argues termination is not in the child's best interests due to the strong parent-child bond. Although the record shows the mother is closely bonded with the child, the mother's inability to provide the child with a safe home is

paramount. Psychological testing reveals the mother has a lower intellectual ability and limited insight, which causes her to be easily influenced by others. The juvenile court observed that there are no additional services that can prevent the mother from being influenced by her family and thereby continuing to place the child at risk. Termination is necessary to provide the child with the safety and permanency that the child's best interests require.

Finally, the mother argues the juvenile court abused its discretion in denying her motion to reopen the record to include the results of a drug test that was obtained following the termination hearing. *See In re J.R.H.*, 358 N.W.2d 311, 318 (Iowa 1984) (stating the trial court has broad discretion in ruling on a motion to reopen the evidence). Even assuming an abuse of discretion occurred, there is no dispute concerning the mother's sobriety. The termination of the mother's parental rights is instead the result of the mother's inability to keep the child safe by continuing her association with her family.

Because the grounds for termination have been proved by clear and convincing evidence and termination is in the child's best interests, we affirm.

**AFFIRMED.**